UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

SHANTEL TALLEY, As Parent and Natural Guardian of A.C.,
and SHANTEL TALLEY, Individually,

                                              Plaintiff,        24-cv-2094

                                                                **DEFENDANTS' RESPONSE**
              -against-                                         **TO PLAINTIFF'S RULE 56.1**
                                                                **STATEMENT**

DAVID BANKS, in his official capacity as Chancellor of
the New York City Department of Education, and the
NEW YORK CITY DEPARTMENT OF EDUCATION

                                              Defendants.

------------------------------------------------------------------------X

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 56.1,

Federal Rules of Civil Procedure, Defendants, David Banks, in his official capacity as

Chancellor of the New York City Department of Education, and the New York City Department

of Education ("DOE") (collectively, "Defendants"), by their attorney, Corporation Counsel of

the City of New York, Muriel Goode-Trufant submit the following statement of material facts

regarding their motion for summary judgment:


1.    Plaintiff Shantel Talley is the Parent and Natural Guardian of A.C.

      **RESPONSE:** Undisputed


2.    A.C. is a ten-year-old boy with cerebral palsy, hypotonia, developmental delays, and chronic

      respiratory disease. He is non-verbal, uses a wheelchair, and requires a high level of

      individualized attention and intervention throughout the day. [ECF No. 1-1, p. 9].

      **RESPONSE**: Undisputed

1

3.    At all times relevant to this action, A.C. was classified as a child "with a disability" as that term is defined under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq.* ("IDEA").

   **RESPONSE**: Undisputed

4.    Defendant New York City Department of Education ("DOE") is the local educational agency in the City of New York, which is responsible for providing a free appropriate public education ("FAPE") to children with disabilities between the ages of 3 and 21 who reside in the City. 20 U.S.C. § 1412.

   **RESPONSE:** Undisputed, but respectfully refer to the statute cited therein for a complete and accurate statement of the DOE's obligation.

5.    Plaintiff filed a Due Process Complaint ("DPC") on February 24, 2022, and an amended DPC on April 7, 2022, seeking a finding that the DOE failed to provide A.C. a free appropriate public education for the 2022-2023 school year. [ECF No. 36, p. 5].

   **RESPONSE**: Disputed. Plaintiff alleges that they filed a Due Process Complaint ("DPC") for the 2022-2023 school year on February 24, 2023; they do not allege an amended DPC. Amend. Comp. ECF No. #36 ¶31. Plaintiff filed on February 24, 2023. ECF No. 36-1 p.1. This is not material as the year at issue is the 2023-2024 school year.

6.    On October 6, 2023, Impartial Hearing Office ("IHO") Michele Host determined that DOE had failed to offer A.C. a FAPE for the 2022-2023 school year, finding iBRAIN to be an appropriate unilateral placement and ordering DOE to reimburse Plaintiff for tuition, transportation, and private nursing for A.C. at iBRAIN for the 2022-2023 school year. [ECF

No. 36-1].

**RESPONSE**: Undisputed, but Defendants respectfully refer to the IHO order for a complete and accurate statement of its contents and import. ECF No. 36-1.

7.    Pursuant to New York regulations, an IHO must render a decision within 45 days of the hearing request following a 30-day resolution period. The decision for Plaintiff's initial and amended DPCs was due by May 8, 2022, or June 23, 2022, but was not issued until October 6, 2023. N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(j)(5)

**RESPONSE:** Disputed. Four requests were made to extend the time by which the IHO had to render her decision, i.e., the compliance date or deadline. Two requests were made by the DOE representative on June 29, 2023 and July 13, 2023, one request was made by Plaintiffs on August 10, 2023, and one request was made by the parties jointly on September 7, 2023. The IHO granted all four requests. The deadline by which the IHO had to render a decision in IH Case No. 246205 was October 22, 2023. Pantalony Decl. ECF # 23 ¶7. This is not material however, as it has no bearing on Plaintiffs' filing of the DPC.

8.    DOE did not provide an Individualized Education Program ("IEP") for A.C. for the 2022-2023 school year, prompting Plaintiff to enroll A.C. at iBRAIN and send a ten-day notice to DOE on September 2, 2022. [ECF No. 1-1, p. 10].

**RESPONSE**: Defendants lack knowledge or information sufficient to respond to the statement. Plaintiff cites to a non-operative complaint in this proceeding. The operative complaint is the Amended Complaint ECF No. 36.

9.    DOE's proposed IEP for the 2023-2024 school year changed A.C.'s class size from a 6:1:1

to a 12:1+(3:1) setting and removed music therapy and parent counseling, thereby triggering

A.C.'s pendency rights under IDEA's stay-put provision. [ECF No. 9-1, p. 4-6].

**RESPONSE**: Disputed. Plaintiffs cite to a document stricken from the Court record.

Further, the date to which pendency is triggered is highly in dispute in this proceeding.

Defendants contend, the DPC's filing on March 1, 2024 began the Defendants obligation

to fund Plaintiffs' pendency placement. Doe v. E. Lyme Bd. of Educ., 790 F.3d 440, 445

(2d Cir. 2015).

10.    On April 4, 2024, IHO Michelle Babbitt issued an Order on Pendency finding that the

student's pendency program is based upon an Unappealed Findings of Fact and Decision in

IHO Case No. 246205 relative to the 2022-2023 school year. [ECF No. 22-1].

**RESPONSE**: Undisputed, but respectfully refer to Order on Pendency for a complete and

accurate statement of its contents and import.

11.    DOE does not contest that A.C.'s pendency placement for the 2023-2024 school year is

iBRAIN, as established by the final, unappealed FOFD issued by IHO Host on October 6,

2023, in IHO Case No. 246205. [ECF No. 22-1].

**RESPONSE**: DOE agreed that pendency was based on the FOFD No. 246205. ECF No.

22-1.

12.    Plaintiffs, in this instant action, sought reasonable attorneys' fees as the prevailing party

under IDEA including fees incurred in the administrative proceedings relevant to IHO Case

No. 246205 and the instant action. [ECF No. 36, p. 12].

**RESPONSE**: Undisputed.

## DEFENDANTS' STATEMENT OF ADDITIONAL MATERIAL FACTS ABOUT WHICH THERE CAN BE NO ISSUE TO BE TRIED

Pursuant to Local Civil Rule 56.1 and Rule 56 of the Federal Rules of Civil Procedure, and in support of their cross-motion for summary judgment, Defendants, by and through their counsel, Hon. Muriel Goode-Trufant, Corporation Counsel of the City of New York, submit the following statement of facts as to which Defendants contend that there exists no genuine issue of material facts to be tried:

13. Plaintiffs filed their Due Process Complaint, thereby initiating an administrative proceeding for the 2023-2024 school year on March 1, 2024. ECF No. 16-1, ECF No. 36-1 ¶48.

14. Plaintiffs obtained an Order on Pendency obligating the Defendants to fund the pendency placement. ECF No. 22-1.

15. Defendants have processed payment for nursing and $216,282 was issued to B&H Healthcare Services Inc. by check dated 7/18/24, check number 86273286. Crotty Decl., ECF No. 47 ¶7.

16. Defendants have processed payment for transportation and $120,060 was issued to Sisters Travel and Transportation by check dated 7/18/24, check number 86273706. Crotty Decl., ECF No. 47 ¶8.

17. Defendants have processed payment for tuition and $137,774.65 was issued to iBrain by check dated 6/25/2024, check number 06164254. Crotty Decl., ECF No. 47 ¶9.

18. Defendants have processed payment for supplemental tuition and $69,998.80 was issued to

iBrain by check dated 5/14/2024, check number 36167682. Crotty Decl., ECF No. 47 ¶10.

19. All invoiced amounts in Case No. 246205 have been paid. Crotty Decl., ECF No. 47 ¶11.

20. The Impartial Hearing Officer issued a FOFD on IHO Case No. 270197 for the 2023-2024 school year on May 15, 2024. Crotty Decl., ECF No. 47 ¶11.

21. The FOFD on IHO Case NO. 270197 denied all Plaintiffs requested relief and ended pendency. Crotty Decl., ECF No. 47 ¶11.

22. Plaintiff then appealed the FOFD to the SRO, SRO Appeal No. 24-258, which restarted the DOE's pendency obligation. The SRO issued a decision dated September 30, 2024, denying Parent's requested relief. Crotty Decl., ECF No. 47 ¶11.

23. Defendants have processed payment for nursing covering the period from 3/1/2024 to 6/21/2024 with $97,518.68 ($60,555.95 plus $36,962.73) issued to B&H Healthcare Services Inc. by check dated 9/23/24, check number 36365462. Crotty Decl., ECF No. 47 ¶12.

24. Defendants have processed payment for transportation covering the period from 3/1/2024 to 6/21/2024 with $55,590 ($34,519.60 plus $21,070.40) issued to Sisters Travel and Transportation by check dated 9/23/24, check number 36366075. Crotty Decl., ECF No. 47 ¶13.

25.   Defendants have processed payment for tuition covering the period from 3/1/2024 to 6/21/2024 with (1) $43,006.86 issued to iBrain by check dated 6/13/2024, check number 36220012; and (2) $26,250.95 issued to iBrain by check dated 9/23/2024, check number 36366073. Crotty Decl., ECF No. 47 ¶14.


Dated:  November 27, 2024
        New York, New York

                                **MURIEL GOODE-TRUFANT**
                                *Acting Corporation Counsel of the City of New York*
                                Attorney for Defendants
                                100 Church Street
                                New York, NY 10007
                                t: (212) 356-2392

                        By:    _____
                                Alfred Miller, Jr.
                                *Assistant Corporation Counsel*