UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHANTEL TALLEY, as Parent and Natural Guardian of A.C., and SHANTEL TALLEY, Individually,

Plaintiffs,

v.

KAMAR H. SAMUELS,[1] in his official capacity as Chancellor of the New York City Department of Education, and the NEW YORK CITY DEPARTMENT OF EDUCATION,

Defendants.

1:24-CV-2094-LTS

MEMORANDUM OPINION AND ORDER

Plaintiff Shantel Talley ("Plaintiff" or "Talley"), the mother of A.C., brings this case individually and on behalf of A.C. under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C.A. § 1400 et seq. (Westlaw through P.L. 119-102), and 42 U.S.C. section 1983 ("Section 1983") against the New York City Department of Education ("DOE") and its Chancellor (collectively, the "Defendants"). This Court has jurisdiction of this action under 28 U.S.C. section 1331 and 20 U.S.C. section 1415(i)(2)(A).

Defendants have moved to dismiss aspects of the complaint as moot and the remainder for failure to state a claim, under Rules 12(b)(1) and 12(b)(6), respectively, of the Federal Rules of Procedure (docket entry no. 45), and Plaintiff has moved for summary judgment on her IDEA claims (docket entry no. 48). The Court has reviewed carefully the parties'

[1] Under Rule 25(d) of the Federal Rules of Civil Procedure, when a "public officer who is a party in an official capacity" ceases to hold office, their successor "is automatically substituted as a party." Because David Banks is no longer Chancellor of the New York City Schools, the Clerk of Court is respectfully directed to update the caption as shown above to substitute Kamar H. Samuels, his successor, as a party.

submissions and, for the following reasons, Defendants' motion to dismiss is granted and Plaintiff's cross-motion for summary judgment is denied.

## I. BACKGROUND

### A. The IDEA's Statutory Framework

The IDEA conditions states' receipt of federal educational funds on a showing, inter alia, that they "provide 'all children with disabilities' a 'free appropriate public education.'" Gagliardo v. Arlington Cent. Sch. Dist., 489 F.3d 105, 107 (2d Cir. 2007) (quoting 20 U.S.C. § 1412(a)(1)(A)). Under the IDEA, a school district must provide each child with a disability with "special education and related services" as necessary, which include transportation and other supportive services needed to "assist a child with a disability to benefit from special education." 20 U.S.C. § 1401(9), (26)(A). To meet this obligation, state and local educational agencies formulate individualized educational programs ("IEPs") identifying the educational needs of the child as well as "the specially designed instruction and related services to be employed to meet those needs." Sch. Comm. of Town of Burlington v. Dep't of Educ. of Mass., 471 U.S. 359, 368 (1985). Parents who disagree with the agency's determinations may challenge the IEP through an administrative process and later seek judicial review.

New York employs a two-tiered system of administrative review for IDEA disputes. Parents have a right to an "impartial due process hearing" before an Impartial Hearing Officer ("IHO"). 20 U.S.C. § 1415(f)(1)(A). Either party may appeal an IHO's decision to a State Review Officer ("SRO"), N.Y. Educ. L. § 4404(2), and then seek independent review of the SRO's decision in state or federal court, 20 U.S.C. § 1415(i).

The IDEA includes a "pendency" or "stay-put" provision providing that, "during the pendency of any [review] proceedings conducted pursuant to this section, unless the State or

local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child." 20 U.S.C. § 1415(j). The stay-put provision "therefore requires a school district to continue funding whatever educational placement was last agreed upon for the child until the relevant administrative and judicial proceedings are complete." T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist., 752 F.3d 145, 171 (2d Cir. 2014). A stay-put claim for tuition reimbursement is evaluated independently from a claim for tuition reimbursement based on an IEP's alleged inadequacy. Mackey ex rel. Thomas M. v. Bd. of Educ. for Arlington Cent. Sch. Dist., 386 F.3d 158, 160-61 (2d Cir. 2004). The stay-put provision thus requires an agency "to maintain the status quo placement even if the child would otherwise have no substantive right to it." Doe v. E. Lyme Bd. of Educ., 790 F.3d 440, 453 (2d Cir. 2015).

B. Factual Background

The following allegations are taken from the Plaintiff's Amended Complaint (docket entry no. 36 ("Am. Compl.")) and the administrative record and are presumed true for the purposes of resolving Defendants' motion to dismiss to the extent they are not conclusory. See R.M. ex rel. J.M. v. Vernon Bd. of Educ., 208 F. Supp. 2d 216, 217 n.1 (D. Conn. 2002).

Plaintiff Shantel Talley is the parent and natural guardian of A.C. (Am. Compl. ¶ 18.) At all times relevant to this action, A.C. was classified as a child "with a disability" under the IDEA. (Id. ¶ 21.) On September 2, 2022, Plaintiff notified the DOE of her intention to enroll A.C. at iBRAIN, a private school. (Docket entry no. 36-1 ("IHO Host FOFD") at 11.) Plaintiff entered an enrollment contract with iBRAIN, providing for a base tuition fee and a supplemental tuition fee. (Id. at 15.) Plaintiff entered into two other separate agreements with private providers for A.C.'s transportation and nursing services. (Id.)

On February 24, 2023, Plaintiff filed a due process complaint ("DPC") against the DOE, alleging that the DOE had not provided A.C. with a free appropriate public education ("FAPE") for the 2022-2023 school year. (Am. Compl. ¶ 31.) The DPC was denominated as Case No. 246205 and assigned to IHO Michele Host. (Id. ¶¶ 32-33.) On October 6, 2023, IHO Host issued a Finding of Fact and Decision ("FOFD") concluding that the DOE failed to offer A.C. a FAPE for 2022-2023 school year. (IHO Host FOFD at 19.) IHO Host ordered the DOE to directly fund the cost of iBRAIN tuition, supplemental tuition, transportation, and nursing for the 2022-2023 school year. (Id. at 32.)

Before the proceedings on the 2022-2023 school year concluded, however, the DOE created an IEP for the 2023-2024 school year, which included placement at a specialized public school, change of the Student's class size, removal of music therapy, and removal of parent counseling. See SRO Appeal No. 24-258,[2] at 2-3. Dissatisfied with this IEP, Plaintiff notified the DOE of her intent to re-enroll A.C. at iBRAIN. (Am. Compl. ¶ 47.) On June 26, 2023, she signed an enrollment contract with iBRAIN for the 2023-2024 school year. (See docket entry no. 36-2, at 6.) Plaintiff also entered into two separate agreements with private providers for transportation and nursing. (See docket entry nos. 36-3 to -4.)

Plaintiff filed a DPC on March 1, 2024, arguing that the district failed to provide A.C. with a FAPE for the 2023-2024 school year. (Am. Compl. ¶ 48.) The DPC was designated

---

2 Neither party included the relevant SRO decisions in a Certified Administrative Record, but such decisions are publicly available on the New York State Review Office's website. See Application of a Student with a Disability, Appeal No. 24-258 (Sept. 30, 2024), https://www.sro.nysed.gov/sites/sro/files/Decisions/2024/pdfversion/24-258.pdf [https://perma.cc/5C3K-GK8P] ("SRO Appeal No. 24-258"); Application of a Student with a Disability, Appeal No. 24-191 (July 8, 2024), https://www.sro.nysed.gov/sites/sro/files/Decisions/2024/pdfversion/24-191.pdf [https://perma.cc/Y2WZ-RVK5] ("SRO Appeal No. 24-191").

as Case No. 270197 and assigned to IHO Michelle S. Babbitt. (Id. ¶ 54.) On April 4, 2024, IHO Babbitt issued a pendency order requiring the DOE to pay relevant expenses for iBRAIN, the last mutually agreed placement, during the pendency of the case, and stating that the pendency obligation period began on March 1, 2024 — the date Plaintiff initiated the DPC. (Docket entry no. 22-1, at 3.) Plaintiff filed an untimely SRO appeal seeking to amend the pendency order to include music therapy and provide retroactive pendency funding for the entire 2023-2024 school year. SRO Appeal No. 24-191, at 6.

On May 15, 2024, IHO Babbitt issued an FOFD, finding that the DOE provided A.C. with a FAPE for the 2023-2024 school year. (Am. Compl. ¶ 54.) On June 24, 2024, the Plaintiff appealed IHO Babbitt's FOFD. (Id. ¶ 55.) On September 30, 2024, the SRO issued a final decision denying Plaintiff's request for relief. SRO Appeal No. 24-258, at 26. On July 18, 2024, the DOE processed pendency payments for nursing, transportation, and tuition covering the period of March 1, 2024, to June 21, 2024. (Docket entry no. 47 ("Crotty Decl.") ¶¶ 12-14.) The DOE also processed payments for the entire 2022-2023 school year, as ordered by IHO Host, for nursing, transportation, and tuition. (Id. ¶¶ 7-9.)

Plaintiff filed this action on March 20, 2024, asserting a claim for enforcement of Plaintiff's rights related to A.C.'s pendency placement for the 2023-2024 school year. (Docket entry no. 1.) Plaintiff sought a preliminary injunction requiring Defendants to establish A.C.'s pendency placement at iBRAIN throughout the administrative and judicial proceedings related to her DPC for the 2023–2024 school year and to fully fund tuition and related services retroactive to the beginning of the 2023-2024 school year. (Docket entry no. 8.) On May 17, 2024, United States District Judge Jennifer H. Rearden denied Plaintiff's request for a preliminary injunction. Plaintiff later amended her original complaint to include claims regarding outstanding payments

for the 2022-2023 school year. (See Am. Compl. ¶¶ 61-68.) On May 12, 2026, this case was transferred to the undersigned.

## II. Discussion

### A. Defendants' Motion to Dismiss under Rule 12(b)(1)

Defendants contend that Plaintiff's IDEA claims are moot. (See docket entry no. 46 ("Def. Mem.") at 5-9.) Because mootness implicates this Court's subject matter jurisdiction, the Court will review this Rule 12(b)(1) argument first. See B.C. ex rel. B.M. v. Pine Plains Cent. Sch. Dist., 971 F. Supp. 2d 356, 363 (S.D.N.Y. 2013). The party asserting subject matter jurisdiction has the burden of proving, by a preponderance of the evidence, that the court has jurisdiction. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In reviewing a Rule 12(b)(1) challenge, the Court may also reference evidence outside the pleadings. Flores v. S. Peru Copper Corp., 414 F.3d 233, 255-56 n.30 (2d Cir. 2003).

#### 1. Plaintiff's First Cause of Action Is Moot

Plaintiff argues that Defendants have not fully implemented IHO Host's FOFD in IHO Case No. 246205 (relating to the 2022-2023 school year) because they have not fully funded A.C.'s special transportation services and nursing services as ordered. (Am. Compl. ¶¶ 44-45.)

Defendants responded to the complaint with evidence that they have completed all payments required by IHO Host's FOFD. The FOFD ordered the DOE to pay tuition in the amount of $137,774.65 and supplemental tuition in the amount of $69,998.80. (Id. ¶ 35(i)-(ii).) The DOE asserts that it processed payment for tuition to iBRAIN by check dated July 25, 2024, in the amount of $137,774.65 and supplemental tuition paid by check dated May 14, 2024, in the amount of $69,998.80. (Crotty Decl. ¶ 9.) The FOFD required payment of up to $345.00 for

each of A.C.'s private transportation trips upon submission of invoices. (Am. Compl. ¶ 35(iii).) The DOE asserts that it processed payment for transportation and paid the relevant vendor, Sisters Travel and Transportation, $120,060, by check dated July 18, 2024. (Crotty Decl. ¶ 8.) The FOFD had also ordered DOE to pay $113.00 per hour for nursing services upon submission of invoices. (Am. Compl. ¶ 35(iv).) The DOE asserts that it issued payment for nursing services in the amount of $216,282 to the vendor, B&H Healthcare Services Inc., by check dated July 18, 2024. (Crotty Decl. ¶ 7.) Plaintiff has neither disputed that these payments were made, nor contested the accuracy of the amounts paid, nor asserted that the documented payments were insufficient in any other way to redress the injury alleged in Plaintiff's first cause of action. She has thus abandoned any argument that the claims are not moot and failed to meet her burden to show that subject matter jurisdiction remains.

Based on the documented payments, the Court finds that there is no controversy underlying the claim in Count I, and Count I is therefore dismissed for lack of subject matter jurisdiction, as moot.

B. Defendants' Motion to Dismiss under Rule 12(b)(6)

In evaluating a Rule 12(b)(6) motion to dismiss a complaint, the court must accept a plaintiff's factual allegations as true and draw all reasonable inferences in favor of the plaintiff. See Baldessarre v. Monroe-Woodbury Cent. Sch. Dist., 820 F. Supp. 2d 490, 499-500 (S.D.N.Y. 2011), aff'd, 496 F. App'x 131 (2d Cir. 2012). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A pleading that contains only "naked assertion[s]" or "a formulaic recitation of the elements of a cause of action" does not suffice to state a claim upon which relief may be granted. Id. at 555, 557.

1. Plaintiff's Second Cause of Action Is Dismissed for Failure to State a Claim

In Count II of the Amended Complaint, Plaintiff asserts a claim pursuant to 42 U.S.C. section 1983, purportedly to vindicate violations of Plaintiffs' "Constitutional and/or otherwise substantial rights, created by, and/or otherwise recognized in, the IDEA, and other state and federal laws, statutes, regulations, and the like." (Am. Compl. ¶ 70.) "Courts have permitted § 1983 claims in the IDEA context where the plaintiff's complaint is that some conduct or policy of the defendant deprived the plaintiff of 'the opportunity to take advantage of the procedural safeguards offered by the statute.'" C.S. ex rel. K.S. v. N.Y.C. Pub. Schs., No. 24-cv-7600-JGK, 2025 WL 2549292, at *10 n.5 (S.D.N.Y. Sept. 4, 2025) (quoting Quackenbush v. Johnson City Sch. Dist., 716 F.2d 141, 147-48 (2d Cir. 1983)).

Because the defendant is a government entity, Plaintiff's Section 1983 claim must allege facts sufficient to support municipal liability, which requires showing that "the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality" and that "the municipality was the 'moving force' behind the injury alleged" through the municipality's own deliberate conduct. Jones ex rel. Jones v. Town of East Haven, 691 F.3d 72, 80-81 (2d Cir. 2012) (citation omitted). "Boilerplate allegations of unconstitutional policies are insufficient to plead a municipality's liability" under Section 1983. Chris H. v. New York, No. 16-cv-6807-LGS, 2017 WL 2880848, at *5 (S.D.N.Y. July 5, 2017), aff'd, 764 F. App'x 53 (2d Cir. 2019).

Plaintiff argues that the Defendants adopted inappropriate policies and procedures involving the implementation of final administrative orders, including IHO Host's FOFD. (Am. Compl. ¶ 71(a); see docket entry no. 49 ("Pl. Mem.") at 12-13.) They further claim that Defendants failed to abide by existing policies and procedures; engaged in a widespread practice that constituted custom or usage; failed to supervise or train their employees; and failed to adopt

and implement appropriate policies and procedures and/or to adhere to existing policies, when implementing final administrative orders. (Am. Compl. ¶ 71(b)-(e).) Plaintiff does not, however, allege any constitutional violations beyond the conclusory assertion that Defendants "deprived the Plaintiff and A.C. of their Constitutional and/or otherwise substantial rights." (Id. ¶ 70.)

As a result, Plaintiff fails to state a cognizable Section 1983 claim by "fail[ing] to allege a denial of procedural safeguards or administrative remedies" or any other constitutional issue. Streck v. Bd. of Educ. of E. Greenbush Sch. Dist., 280 F. App'x 66, 68 (2d Cir. 2008). To the extent that Plaintiff premises her Section 1983 claim on the failure to provide the administrative remedy prescribed by IHO Host, that injury has been redressed for the reasons discussed above. Plaintiff was "afforded a hearing before an impartial hearing officer and review by a state review officer" according to her own allegations, which undermines any Section 1983 violations generally premised on failure to provide procedural safeguards guaranteed by the IDEA. Id. Because Plaintiff was provided the procedural safeguards and administrative remedies under the IDEA with regard to the 2023-2024 DPC, she has not adequately alleged facts stating a viable claim under Section 1983.

Even if such a violation could be inferred from the complaint, Plaintiffs' conclusory assertions regarding policies and procedures are insufficient to support municipal liability. Plaintiff's factual allegations offer no insight as to which "city policies, practices, or customs contributed to or caused the deficiency." Simms v. City of New York, No. 10-cv-3420-NGG, 2011 WL 4543051, at *3 (E.D.N.Y. Sept. 28, 2011), aff'd, 480 F. App'x 627 (2d Cir. 2012). Although Plaintiff argues that "DOE's typical approach is to claim that it acknowledges that it owes the payments, but that it will get to them in its 'ordinary course of business'" (Pl.

Mem. at 12), the Amended Complaint fails to provide even that level of general detail with regard to the "inappropriate policies and procedures" the DOE has allegedly implemented (Am. Compl. ¶ 71(a)).

By merely listing the elements of a Section 1983 claim alleging municipal liability, Plaintiff fails to state a Section 1983 claim upon which relief may be granted. The Court will therefore grant Defendants' motion as to Count II.

2. Plaintiff's Third Cause of Action is Dismissed for Failure to State a Claim

In Count III, Plaintiff seeks reimbursement for educational expenses incurred from the start of the 2023-2024 school year under the IDEA's stay-put provision. Plaintiff argues that IHO Host's October 6, 2023 FOFD establishing iBRAIN as the approved placement for the 2022-2023 school year provides the legal basis for pendency provision of educational services at iBRAIN for the 2023-2024 school year, such that Plaintiff is entitled to retroactive funding for the entire 2023-2024 school year. (See Pl. Mem. at 8-9.) Because, as noted above, the DOE has already funded the portion of that school year from March 1, 2024, forward, the remaining element of this claim concerns only expenses for services provided prior to that date.

Plaintiff's claim for full-year funding is precluded by Second Circuit precedent, which authorizes pendency funding only for periods following the filing of a DPC, even if the parties were at odds before the formal commencement of due process proceedings. In Doe, the Second Circuit held that an "educational agency's obligation to maintain stay-put placement is triggered when an administrative due process proceeding is initiated, not when an impasse is reached." 790 F.3d at 445. Although Plaintiff disagreed with Defendants' proposed IEP for the 2023-2024 school year, she did not file a DPC until March 1, 2024. As a result, Defendants' pendency obligations for the 2023-2024 school year do not cover any period preceding that filing date.

Plaintiff invokes the Second Circuit's decision in Mackey (Pl. Mem. at 19), but to no avail. In Mackey, the parents had commenced a due process proceeding during the school year for which they sought pendency payment and appealed an adverse decision on their DPC during the school year as well. 386 F.3d at 161-62. The SRO did not render a decision, which was favorable to the parents, until after the school year had ended, despite a state regulation requiring the issuance of the appellate decision within thirty days after receipt of a request for review. Id. at 162, 164. The defendant school district refused to reimburse any of the expenses for that year retroactively, asserting that its pendency obligations had not begun until after issuance of the delayed appellate decision recognizing pendency for the year in question, even though the parents had filed a timely DPC and appeal. Id. at 164. The Second Circuit rejected the district's proposed outcome as "unfair," observing that it would permit a school district's own administrative delay to diminish the district's pendency obligations, and remanded the matter to the district court for an equitable determination of the appropriate retroactive payment date. Id.; see Arlington Cent. Sch. Dist. v. L.P., 421 F. Supp. 2d 692, 701 (S.D.N.Y. 2006) ("[W]here an unduly delayed SRO decision in a prior proceeding results in a change in pendency, the parents are entitled to pendency tuition reimbursement from and after the date of the SRO's decision, and may be equitably entitled to reimbursement from and after the date when the SRO should have entered his decision.").

The circumstances here, however, are materially different. Plaintiff had not commenced a due process proceeding concerning the 2023-2024 school year prior to March 1, 2024, the date from which the DOE has paid pendency expenses. The issuance of IHO Host's FOFD concerning the prior year did not trigger pendency rights for the subsequent year, which is the one in question here. While it is true that IHO Host's decision was delayed, the delay did not

affect the DOE's pendency obligations for the 2023-2024 year, which arise only "during the pendency of any proceedings," 20 U.S.C. § 1415(j), rather than "as Plaintiff[] suggest[s], before such a proceeding begins," Weaver v. Millbrook Cent. Sch. Dist., 812 F. Supp. 2d 514, 526 (S.D.N.Y. 2011) (citing Mackey, 386 F.3d at 160). Indeed, Plaintiff did not file a DPC for the 2023-2024 school year until approximately five months after IHO Host's decision was rendered. Mackey's equitable concern regarding the effect of administrative delay on the delivery of pendency benefits sought on a timely basis thus is not implicated here, and Mackey provides no basis for the award of pendency benefits for periods preceding the commencement of the requisite underlying administrative proceeding.

The DOE's pendency obligations for the 2023-2024 school year thus covered the period from March 1, 2024, to the end of the school year, a period for which Defendants have represented, and Plaintiffs do not dispute, they have paid in full. (See Crotty Decl. ¶¶ 12-14.) For the foregoing reasons, Count III fails to state a claim upon which relief may be granted to the extent it seeks additional pendency payments for the 2023-2024 school year, and Defendants' motion is therefore granted pursuant to Rule 12(b)(6) with respect to that element of the claim.

## III. CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to dismiss the complaint is granted and Plaintiff's motion for summary judgment is denied in its entirety. Any motion for attorneys' fees must be made in accordance with Federal Rule of Civil Procedure 54(d) and must be filed no later than 45 days from the date of this Memorandum Opinion and

Order. This Memorandum Opinion and Order resolves docket entry nos. 45 and 48. The Clerk of Court is respectfully requested to enter judgment for Defendant and close this case.

SO ORDERED.

Dated: New York, New York
August 6, 2026

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge